Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0817 | **DATE** | 3/19/2013 |
| **CASE TITLE** | U.S. ex rel Johnnie Plummer (K-65650) vs. Rick Harrington | | |

**DOCKET ENTRY TEXT**

Petitioner's motion to hold and stay his petition [4] is denied. Respondent's answer is to be filed within 21 days of this order. The Clerk is directed to dismiss respondent Michael Atchison and substitute Rick Harrington, the present warden at Menard Correctional Center, as the respondent in this action.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Petitioner, Johnnie Plummer, seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 against Menard Correctional Center Warden, Rick Harrington (the present warden of Menard Correctional Center, *see* Fed. R. Civ. P. 25(d); Habeas Rule 2(a); *Rumsfield v. Padilla*, 542 U.S. 426, 435 (2004)). Presently before the Court is Petitioner's motion to hold his petition in abeyance. For the reasons stated below, Petitioner's motion to hold and stay his petition is denied.

Petitioner was convicted of the first degree murder of Michael Engram, along with attempted murder and aggravated battery with a firearm in the Circuit Court of Cook County, *People v. Plummer*, No. 91 CR 21451. At trial, Petitioner's confession was admitted into evidence. The trial court sentenced Petitioner to concurrent terms of fifty years' incarceration for murder and twenty-five years incarceration for each attempted murder and aggravated battery. Petitioner unsuccessfully challenged his convictions from this case with a Section 2254 petition in 2010; including, an argument that the state court erred in admitting his allegedly coerced confession at trial. *See Plummer v. Rednour*, No. 10 C 6225, 2011 WL 3876908 (N.D. Ill. Sept. 1, 2011).

Meanwhile, in 1998, in another state criminal matter in the Circuit Court of Cook County, Petitioner was convicted of the first degree murder of Perrijean East as well as attempted armed robbery, *People v. Plummer*, No. 92 CR 20236. Petitioner was sentenced to natural life in prison. In this trial, Petitioner's confession was excluded because the trial judge found that the confession was coerced. This conviction and sentence was affirmed by the Illinois Appellate Court in 2000. Petitioner filed a state postconviction that same year. That petition was denied in 2009 and the Illinois Appellate Court affirmed that denial in 2011. Petitioner's petition for leave to appeal in the Illinois Supreme Court was denied in March 2012. Petitioner filed the present habeas petition as to this conviction in February 2013.

Petitioner's present habeas petition challenges his conviction in 92 CR 20236, raising five claims: (1) the prosecutor's presentation of Petitioner's coerced confession to the grand jury rendered the indictments defective, (2) ineffective trial counsel for failing to seek a continuance of the trial to obtain Social Security records pertaining to the mental health of a state witness, (3) ineffective assistance of appellate counsel for failing to claim

| | |
|---|---|
| | **STATEMENT** |

that trial counsel was ineffective for failing to secure the trial court's permission to cross-examine the state witness regarding her mental health, (4) ineffective assistance of counsel for failing to seek dismissal of the indictments with prejudice because the indictments rested on a coerced confession, and (5) petitioner's right of equal protection was violated because he was maliciously prosecuted.

Petitioner is also currently a named representative in a class action petition for relief under the Illinois post-conviction hearing act regarding his state criminal case, 91 CR 21451. The class action suit alleges that newly discovered evidence pertaining to practices of Detective Jon Burge and his associates support the class members' contentions that their confessions were coerced. The complaint only challenges the confession admitted at trail in Petitioner's conviction in 91 CR 21451, and not, the confession used during the grand jury that is at issue in the present habeas petition. Petitioner seeks a stay in this habeas petition pending the outcome of the class action.

A "mixed" habeas petition contains both claims that the petitioner has exhausted in state court and one which he has not. *See Rose v. Lundy*, 455 U.S. 509 (1982). The court has discretion to stay "mixed" petitions for habeas relief in situations in which outright dismissal of a mixed petition could jeopardize the petitioner's ability to later file a timely habeas petition, such as when the petitioner files his application "close to the end of the 1-year [statute of limitations] period." *Rhines v. Weber*, 544 U.S. 269, 275 (2005). A stay is granted only if the district court determines that there was "good cause" for the petitioner's failure to exhaust his claims first in state court and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277. Generally, if all the claims brought in federal court have been exhausted in the state court, a stay is not warranted. *See, e.g., Harper v. Shaw*, No. 08 CV 00850, 2010 WL 5140065, at *2 (C.D. Ill. Dec. 13, 2010).

Here, Petitioner has pursued a complete round of direct appellate review and a complete round of postconviction review in state court as to the conviction at issue in the present habeas petition. While Petitioner does have a state action pending regarding alleged coercive tactics by Detective Jon Burge, the present state criminal matter at issue in this habeas petition is not part of that pending state court action. Furthermore, even if Petitioner was to amend the state court action to challenge the allegedly coerced confession that was use in the grand jury of the state action at issue in this habeas petition, a stay is not warranted because the claim is patently meritless. A petit jury's finding of guilt following a trial renders harmless any impropriety in the grand jury proceedings. *See United States v. Mechanik*, 475 U.S. 66, 73 (1986); *United States v. Vincent*, 416 F.3d 593, 602 (7th Cir. 2005); *United States v. Taylor*, 154 F.3d 675, 681 (7th Cir. 1998). "The district court would abuse its discretion if it were to grant a stay when [a petitioner's] unexhausted claims are plainly meritless." *Rhines*, 544. U.S. at 277. Because the presently-pending state court action does include the criminal conviction at issue in the present habeas corpus petition and any claim Petitioner could possibly seek to raise in that state court action that would pertain to the conviction at issue in the present matter would be plainly meritless, a stay based on the pending state court action is unwarranted.

Accordingly, Petitioner's motion to hold and stay his petition [4] is denied. Respondent's answer is to be filed within 21 days of this order.