PC SCAN
FILED 8/19/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
EC

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF Illinois
EASTERN DIVISION

JOHNNIE Plummer,
   PETITIONER,

No. 13-CV-00817

V.

THE Honorable
RICK HARRINGTON,  LINDSAY C. JENKINS
   RESPONDENT.  Judge Presiding.


SCANNED at MENARD and E-mailed
8/19/25 by [initials] 18 pages

## MOTION FOR RELIEF FROM FRAUD AND VOID ORDER AND JUDGMENT

   NOW COMES, THE PETITIONER, JOHNNIE Plummer, PRO-SE, Pursuant to FEDERAL Rules OF CIVIL PROCEDURE (FRCP) Rules 60(B)(4) And 60(B)(6), RELIEF From Judgment OR ORDER And RESpectfully moves this Honorable COURT FOR RELIEF From FRAud And VOID ORDER And Judgment ON August 6, 1992.

   THEREOF Said IN Support, Plummer STATES As Follows:

1. Courts have a independent duty to vacate and expunge void orders from court records and thus may sua sponte declare an order void.

2. It is well-settled principle of law that a void order may be attacked at any time or in any court, either directly or collaterally. A judgment or order is void where it is entered by a court or agency which lacks personal jurisdiction, subject-matter jurisdiction, or the inherent power to enter the particular judgment or order, or where the order is procured by fraud. An order is also void where a court exceeds it authority. A void order is a complete nullity from its inception and has no legal effect and may be attacked, either directly or collaterally, at any time or in any court.

In addition to the power to adjudicate, a valid exercise of jurisdiction requires fair notice and an opportunity for the

<u>Affected Parties</u> to be heard. Without <u>Jurisdiction</u>, a court's judgment is <u>void</u>. A court must have both subject matter jurisdiction and personal jurisdiction.

3. In the <u>Interest of Justice</u> and Judicial Economy. There's no <u>need</u> for a stay (Hold in Abeyance) when this case can be resolve on a ruling that the August 6, 1992, Order is <u>VOID</u> and <u>Every</u> <u>Order</u>, <u>Judgment</u>, <u>Proceedings</u> is <u>VOID</u> as well.

Since the August 6, 1992, Order is <u>VOID</u>, the arrest is <u>VOID</u>, the charges is <u>VOID</u>, the trial is <u>VOID</u>, the conviction is <u>VOID</u>, and the sentence is <u>null</u>. The Petitioner can <u>not</u> be <u>retried</u>!! Double Jeopardy is Attached!! Its a <u>waste of judicial time</u> and <u>resources</u> for a stay this case can be resolve by this present motion. This motion clearly establishes that Judge Robert L. Bastone never gave "<u>Notice</u>" to the Petitioner's lawyer, Petitioner or Petitioner's mom of the ex parte communication or a opportunity to be heard;

Judge Robert P. Bastone lacked jurisdiction to sign the order authorizing the Chicago Police Detectives to take custody of the Petitioner.

4. There was NO ADULT PRESENT IN the MINOR WELFARE OR BEHALF During the EX PARTE COMMUNICATION NOR NO ADULT was NOTIFIED ON the MINOR BEHALF About the EX PARTE COMMUNICATION TAKING PLACE BETWEEN Judge ROBERT P. BASTONE And DETECTIVES WILLIAM Foley And MICHAEL CLANCY IN VIOLATION OF CASELAW STEMMING FROM IN RE GAULT, 387 U.S. 1; IN RE J.E. 228 Ill. App. 3d 315.

They Broke the law IN REGARDS to the MINOR!! They Held A HEARING REGARDING Custody OF A MINOR without Anybody knowing About it And Did WHAT they WANT to Do; They took Custody OF A MINOR Without Anybody knowing About it And Did WHAT they WANTED to DO

SAFEGUARDS ARE put into PLACE FOR MINORS SEE IN RE GAULT, 387 U.S. 1

Since when a **minor** is without protection, without guardians and due process??

On August 6, 1992, Judge Robert P. Bastone signed an <u>order</u> authorizing the release of the petitioner from the custody of the Juvenile Temporary Detention Center into the custody of the Chicago Police Detectives William Foley and Michael Clancy, to be interrogated for an unrelated criminal matter.

The <u>order beared</u> case number 91 CR 2145101. Case 91 CR 2145101 was <u>pending</u> for <u>trial</u> in front of <u>presiding</u> Judge Vincent M. Gaughan with court appointed counsel representing the petitioner.

Circuit Court Judge Robert P. Bastone was <u>not</u> the presiding judge of case 91 CR 2145101. Judge Robert P. Bastone was a judge in <u>Branch 66</u>. Case 91 CR 2145101 was <u>not</u> <u>pending</u> in <u>Branch 66</u>. Judge Vincent M. Gaughan was <u>assigned</u> to case 91 CR 2145101 in <u>1991</u>.

Circuit Court Judge Vincent M. Gaughan had "Subject-Matter Jurisdiction, Personal [Personam] Jurisdiction And Plenary Jurisdiction" over case 91 CR 21451.

Since Judge Robert L. Bastone "lacked jurisdiction" to sign an order bearing case number 91 CR 21451 authorizing the release of the petitioner from custody of the Juvenile Temporary Detention Center into the custody of the detectives William Foley and Michael Clancy. The order he signed is VOID!! The arrest is VOID, the charges is VOID, the indictment is VOID, the trial is VOID, the conviction is VOID and the sentence is a nullity!!

Judge Robert L. Bastone never gave notice to the petitioner, petitioner's lawyer or mom as require by law stemming from In re Gault, 387 U.S. 1; In re J.E., 228 Ill.App.3d 315, regarding the ex parte communication he had with the Chicago Detectives regarding custody of the petitioner who was a minor at the time!! Renders the order Judge Robert L. Bastone signed VOID as well!!

Judge Robert P. Bastone did NOT ALLOW the Petitioner, the Petitioner's lawyer or Petitioner's mother an opportunity to participate in the ex parte communication between himself and the Detectives regarding Custody of the Petitioner constituted a violation of Due Process of law stemming from In Re Gault, 387 U.S.1; In Re J.E., 228 Ill.App.3d 315 and VOIDS the ORDER he signed during the ex parte communication with the Detectives.

Transparency is always encourage; Fair play and Fair Dealings is Fundamental, Impropriety is to be Avoided At All Cost, Backdoor Dealings, Close Door Meetings is not Allowed nor encourage, Secret Meetings ARE PROHIBITED for obvious reasons (that's what occurred in the case At Bar)

Lastly the ORDER is VOID because Detectives William Foley, Michael Clancy Committed Fraud. On August 6, 1992, the Detectives presented An ORDER Requesting Custody of the Petitioner the Detectives told Judge Bastone that they need the petitioner for A "Physical line-up"

That was a ~~fraud~~. There's no evidence of a eyewitness. A decision produced by fraud upon the court is not in essence a decision at all, never becomes final and void. Orders and judgments based on void orders and judgments are void. Austin, 312 F.2d 337

A Federal Habeas Corpus Section 2254 in essence was created to see if the state conviction was obtain in a manner that comports with the concepts of fairness and impartiality, McKeiver v. Pennsylvania (1971), 403 U.S. 528.

This court may relieve a party or its legal representative from a final judgment, order, or proceeding for the reasons of fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party and/or judgment is void. S.H.A. FRCP Rules 60(B)(4) and 60(B)(6)

WHEREFORE, for the reasons set forth and stated above, the Petitioner, Johnnie Plummer, prays this Honorable Court to issue and enter Order: The Respondent lacked Subject-Matter Jurisdiction, Personal Jurisdiction and Plenary Jurisdiction to signed the Order on August 6, 1992; The Respondent denied Petitioner Due Process by failing to notify Petitioner, Petitioner's Mother and Petitioner's lawyer of the Ex Parte Communication with Chicago Detectives regarding Custody and a opportunity to participate during/at the Ex Parte Communication prior to signing the Order that authorize Custody be giving to the Detectives from the Juvenile Temporary Detention Center; Chicago Detectives committed Fraud when they told Judge Robert L. Bastone that they needed the Petitioner for a "Physical lineup" to get him to sign the Order;

This Court should VOID and VACATE all Orders and Judgment Beginning with August 6, 1992; Order the RELEASE of the

Petitioner from the Custody of Menard Correctional Center in Chester, Illinois.

Respectfully Submitted,

Johany Pleman
Petitioner - Pro-Se

# ATTACHED EXHIBITS

1. TRANSCRIPTS OF Judge Robert P. BASTONE Explaining why HE Signed the ORDER Authorizing the RELEASE OF THE PETITIONER From the Custody OF the Juvenile Temporary DETENTION CENTER Into the Custody OF the Chicago Detectives DATED

2. STIPULATION OF DEFENSE Counsel JEAN HERIgodHT And Assistant STATE'S Attorneys JOHN Dillon, BERNIE MURRAY REGARDING CASE 91 CR 21451 01 NOT Pending IN Branch 66; DEFENSE Counsel, Petitioner Not PRESENT WHEN Judge Robert P. BASTONE Signed the ORDER.

```
 1   STATE OF ILLINOIS  )
                        ) SS:
 2   COUNTY OF C O O K  )

 3
        IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
 4           COUNTY DEPARTMENT-CRIMINAL DIVISION

 5   THE PEOPLE OF THE    )
     STATE OF ILLINOIS,   )
 6                        )
        versus            )   Case No. 92-20236-01
 7                        )
     JOHNNIE PLUMMER.     )
 8

 9      BE IT REMEMBERED that this cause came on for
10   hearing on the 17th day of August, 1992, before
11   the Honorable ROBERT BASTONE, Judge of said court.
12         PRESENT:
13         HON. RICHARD A. DEVINE,
              State's Attorney of Cook County, by
14         MR. MATTHEW MAHONEY,
              Assistant State's Attorney,
15            appeared on behalf of the People,
16
17         MS. RITA FRY,
              Public Defender of Cook County, by
18         MR. TONY EBEN,
              Assistant Public Defender,
19            appeared on behalf of the Defendant.
20
21
     Patrice Ann Houlf
22   Official Court Reporter
     1500 Maybrook Square, Room 237
23   Maywood, Illinois 60152
     708)865-6160
24
```

```
 1                THE CLERK:  Johnny Plummer.
 2                THE COURT:  Are you Johnny Plummer?
 3                MR. PLUMMER:  Yes.
 4                THE COURT:  It looks like you have been
 5    charged with the offense of first degree murder at
 6    6258 South Halsted.  And you're in court today for
 7    preliminary hearing.
 8                Have you hired an attorney, Mr. Plummer?
 9                MR. PLUMMER:  No.
10                THE COURT:  This is Mr. Eben next to you.
11    He's a lawyer from the Public Defender's Office.
12    Since he represents you on another matter, he'll act
13    as your lawyer today on this charge.
14                Matt, are you ready for hearing today?
15                MR. MAHONEY:  No, we are seeking a
16    continuance.
17                THE COURT:  What's the status of the other
18    matter?  Is that still in 66?
19                MR. EBEN:  That other case is pending in
20    front of Judge Gaughan.  I don't know what date it
21    is, but it may be in the next two weeks.  The case
22    has been pending in front of Judge Gaughan for some
23    time.
24                THE COURT:  It has?
```

```
 1            MR. EBEN:  Yes.
 2            THE COURT:  We'll set this matter down
 3   Motion State for preliminary hearing.
 4            September 2nd okay with you, Tony?
 5            MR. EBEN:  Sure.
 6            THE COURT:  A Wednesday.  Set it down
 7   Motion State hearing for September the 2nd.
 8            Bond was set by Judge Bowie at no bond,
 9   which means that Mr. Plummer cannot make bond in
10   this murder charge until we have his hearing here on
11   September 2nd at 12:00.
12            I imagine there is something you want to
13   say about this.
14            MR. EBEN:  I would like to say this, Your
15   Honor, I have been representing John Plummer for a
16   long time.  The case has been pending in Judge
17   Gaughan's many months, probably a year.
18            My understanding is that the police
19   department came in before Your Honor on August 6th,
20   1992, to have an order signed requiring that Johnny
21   be released to their control on August 13th, 1992.
22            I have tendered this order to you, and
23   I'll tender it to you again, if you need to peruse
24   it.
```

```
```

1    I happened to be in Branch 66 on the 6th.
2    I was not aware any police officers were approaching
3    the Court regarding this matter. Certainly, the
4    State knows I'm involved in the case and our office
5    is involved in the case.
6        I have absolutely no information that from
7    August 6th until the 13th anyone ever contacted us
8    about the subsequent investigation or the purpose
9    for which John was being taken out.
10       Your Honor, as you well know, many of us
11   from our office will indicate in closing remarks to
12   you regarding any individual defendant that we
13   request that no police officer speak to our client
14   about cases which are pending at this time or any
15   other investigation.
16       It concerned me greatly on that particular
17   days these officers came in to you with an order I
18   never received a copy of it until I got one from the
19   Audy Home this morning and obtained release of this
20   young man, who has been told time after time after
21   time not to talk to the police department about this
22   case or any pending case.
23       THE COURT: Are you indicating there was a
24   statement made?

```
 1            MR. EBEN:  My belief at this time there
 2   may have been a statement.
 3            THE COURT:  I apologize because in all
 4   honesty I did not recognize his name when I signed
 5   the order.  It was indicated to me he was in custody
 6   at a juvenile facility, not he was in custody on an
 7   adult matter that was pending.
 8            And I signed this order because the
 9   officers told me he would go to Area 3 for lineup
10   purposes.  Even though it says for purpose of
11   conducting a criminal investigation, I signed the
12   order.
13            It was in the morning before 66 began.  I
14   had no idea it was about a murder and that he was in
15   custody on another murder.  If I had known that, I
16   would have waited until 12:00.  In the future I'll
17   make sure I do.
18            MR. EBEN:  May I also say at this time
19   it's Johnnie's desire that he not speak to any
20   police officers about any of these cases which are
21   pending at this time.  Is that correct?
22            MR. PLUMMER:  Yes.
23            MR. EBEN:  And I would also ask, Your
24   Honor, the order specifically say Detectives Foley
```

```
 1  STATE OF ILLINOIS )
                     ) SS:
 2  COUNTY OF C O O K )
 3
 4
 5           I, PATRICE ANN HOULF, Official Court
 6  Reporter of the Circuit Court of Cook County, do
 7  hereby certify that I reported in shorthand the
 8  proceedings had on the above-entitled cause; and I
 9  thereafter caused the foregoing to be transcribed
10  into typewriting, which I hereby certify to be a
11  true and correct transcript of the proceedings had
12  on said date before the HONORABLE ROBERT BASTONE,
13  Judge of said court.
14
15
16                          [signature]
17                          Patrice Ann Houlf
18                          Official Court Reporter
19
20  C.S.R. #084-001613
21  Dated the 22nd day
22  of July, 2002.
23
24
```

STATE OF ILLINOIS  )
                   ) SS
COUNTY OF COOK     )

IN THE CIRCUIT COURT OF COOK COUNTY
CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS  )
                                 )
            -vs-                 ) No. 92-CR-20236
                                 )
JOHNNY PLUMMER                   )

## STIPULATION

Now comes the defendant, JOHNNY PLUMMER, by his attorney, RITA A. FRY, Public Defender of Cook County, through JEAN HERIGODT, Assistant Public Defender, and the State's Attorney of Cook County, RICHARD DEVINE, through his assistants BERNIE MURRAY and JOHN DILLON and enter into the following stipulation:

That the Honorable Judge Robert Bastone, if called to testify would state the following:

That on August 6, 1992, he was the Judge presiding in Branch 66 of the Circuit Court of Cook County.

That he signed defense exhibit #1 for identification after it was presented to him by a Chicago Police Detective.

That neither Johnny Plummer nor his attorney under case number 91-CR-21451 were present when the order was signed.

That case number 91-CR-21451 was not pending in Branch 66 of the Circuit Court of Cook County.

That aside from the order, itself, no other court record of that event exists.

---

JEAN HERIGODT
ATTORNEY FOR DEFENDANT
JOHNNY PLUMMER

ASSISTANT STATE'S ATTORNEY

ASSISTANT STATE'S ATTORNEY